[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-11191

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KILPATRICK CORNELIUS MCKINNEY,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cr-00103-RAH-SMD-1

————————————————

Before Rosenbaum, Jill Pryor, and Edmondson, Circuit Judges.

PER CURIAM:

Kilpatrick McKinney appeals his convictions for possession of a firearm by a convicted felon, for possession of a firearm in furtherance of a drug-trafficking offense, and for possession with intent to distribute drugs. McKinney also appeals his below-guidelines 280-month sentence for his offenses. No reversible error has been shown; we affirm.

## I.

In November 2018, members of the Tallapoosa County Narcotics Task Force executed an arrest warrant for McKinney at a trailer home in Kellyton, Alabama. Officers located McKinney hiding in the closet of the master bedroom and arrested him without incident.

Immediately upon entering the home, officers smelled marijuana and observed drug paraphernalia in plain view. After obtaining a warrant to search the home, officers found two firearms; distribution quantities of methamphetamine, marijuana, and cocaine; and other items associated with narcotics distribution, including digital scales, baggies, and a vacuum sealer.

A federal grand jury charged McKinney with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count 1); possession with intent to distribute methamphetamine, marijuana, and cocaine, in violation of 21 U.S.C. §

841(a)(1) (Counts 2, 3, 4); and with possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 5).

Following trial, a jury found McKinney guilty of the charged offenses. The district court sentenced McKinney to a total sentence of 280 months: concurrent sentences of 220 months on Counts 1, 2, and 4 and 60 months on Count 3, plus a consecutive 60-month sentence on Count 5.

## II.

### A.

McKinney first challenges the district court's denial of his motions for judgment of acquittal. In support of his motions, McKinney argued the evidence was insufficient to establish that McKinney had "possession" of the guns and drugs found in the home.[*]

---

[*] In his appellate brief, McKinney also alleges that the officers violated intentionally his constitutional rights by executing a flawed search warrant. This passing reference -- made without citation to authority or supporting argument -- does not raise properly this issue on appeal. *See United States v. Corbett*, 921 F.3d 1032, 1043 (11th Cir. 2019) (explaining that an appellant abandons an argument when he "raises it in a perfunctory manner without supporting arguments and authority" or "makes only 'passing references' to it that are 'background to other arguments or [are] buried within other arguments, or both"). We also note that McKinney seemingly never raised this kind of argument to the district court.

"We review *de novo* a district court's denial of judgment of acquittal on sufficiency of evidence grounds." *United States v. Rodriguez*, 732 F.3d 1299, 1303 (11th Cir. 2013). In determining the sufficiency of the evidence, "we consider the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility choices in the government's favor." *Id.* We cannot overturn a jury's verdict unless no "reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *Id.*

To obtain a conviction for "possession" of contraband, the government may show either actual or constructive possession. *See United States v. Ochoa*, 941 F.3d 1074, 1104 (11th Cir. 2019) (possession of a firearm); *United States v. Derose*, 74 F.3d 1177, 1185 (11th Cir. 1996) (possession of drugs). Constructive possession is shown when the government establishes that the defendant has "ownership, dominion, or control over the contraband itself or dominion or control over the premises . . . in which the contraband was concealed." *Derose*, 74 F.3d at 1185.

Viewed in the light most favorable to the government, the evidence presented at trial was sufficient to permit a reasonable factfinder to conclude beyond a reasonable doubt that McKinney had constructive possession of the charged guns and drugs. The two firearms and the drugs were found inside the master bedroom in which McKinney was hiding when officers arrived. In that same bedroom, officers found items belonging to McKinney, including a package and mail addressed to McKinney at the Kellyton address.

Officers also found prescription pill bottles with McKinney's name on them located in a bathroom attached to the master bedroom. McKinney's driver's license listed the Kellyton address as McKinney's home address.

Given the evidence tying McKinney to the bedroom in which the guns and drugs were located -- and the evidence tying McKinney to the Kellyton address -- a jury could infer reasonably that McKinney had constructive possession over the guns and drugs found in the home. See Ochoa, 941 F.3d at 1105 (concluding that sufficient evidence supported a finding of constructive possession of ammunition when the ammunition was found in the same bedroom as the defendant's personal identification cards and travel papers); United States v. Molina, 443 F.3d 824, 830 (11th Cir. 2006) (reversing the grant of judgment of acquittal because a reasonable jury could have found that the defendant exerted dominion or control over a firearm found in the defendant's bedroom nightstand together with the defendant's passport).

At the trial, McKinney testified that he did not live at the Kellyton address, that his parents owned the home, and that other people had access to the home. The jury, however, was free to reject McKinney's testimony. See United States v. Hasner, 340 F.3d 1261, 1272 (11th Cir. 2003) (explaining that the jury can disbelieve a defendant's testimony and treat the opposite of the testimony as true). Moreover, that other people might have had access to the home does not render insufficient the evidence supporting a reasonable inference of constructive possession. See Ochoa, 941 F.3d

at 1105; *United States v. Flanders*, 752 F.3d 1317, 1332 (11th Cir. 2014) (noting that constructive possession may be exclusive or shared with others). The district court committed no error in denying McKinney's motions for judgment of acquittal.

### B.

McKinney next challenges the substantive reasonableness of his below-guidelines sentence. We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007). In reviewing the substantive reasonableness of a sentence, we examine "the totality of the circumstances, including . . . whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future crimes. 18 U.S.C. § 3553(a). We will not vacate a sentence on substantive-reasonableness grounds unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Cabezas-Montano*, 949 F.3d 567, 611 (11th Cir. 2020) (quotation omitted).

The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

McKinney has failed to demonstrate that his sentence substantively is unreasonable. That McKinney qualified as a career offender and as an armed career offender -- classifications resulting in an advisory guidelines range between 360 months' to life imprisonment -- is undisputed. McKinney, however, moved for a downward variance; he contended that he had committed no violent crime and that his criminal record overstated the seriousness of his past offenses. McKinney requested a statutory-mandatory-minimum sentence of 20 years.

The district court agreed that McKinney's criminal history was "a little bit overstated" and determined that the career-offender and armed-career-offender sentencing enhancements were not justified under the circumstances. The district court reviewed McKinney's lengthy criminal record, which included multiple drug convictions and convictions for resisting arrest, attempting to elude, and for reckless endangerment. Given the nature and circumstances of McKinney's instant gun and drug offenses and McKinney's extensive criminal history, the district court concluded reasonably that a sentence of 280 months' imprisonment (below-guidelines) was sufficient and necessary to reflect the seriousness of the offenses, to provide respect for the law, to provide adequate deterrence, and to protect the public.

Generally speaking, a sentence -- like McKinney's -- that is imposed below the statutory maximum sentence and below the advisory guidelines range is indicative of reasonableness. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014). That the district court declined to vary further below the guidelines range as requested by McKinney does not make McKinney's sentence unreasonable. The district court acted within its considerable discretion in weighing the pertinent factors, including the nature and extent of McKinney's criminal history. *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." (quotation and alteration omitted)).

AFFIRMED.